**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DIAZ, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-06987-MCS-SK<br><br>**ORDER REMANDING CASE AND DENYING PENDING MOTIONS (ECF NOS. 14, 18)** |

　　　The Court ordered Defendant Mercedes-Benz USA, LLC, to show cause why the case should not be remanded to state court. (OSC, ECF No. 10.) Defendant filed a response. (Resp., ECF No. 13.)

**I.　　BACKGROUND**

　　　This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiff George Diaz alleges that he bought a 2022 Chevrolet Silverado ("Vehicle") on or about March 2, 2023, which then began exhibiting defects. (Notice of Removal Ex. A ¶¶ 7, 9 ("Compl."), ECF No. 1-1.) Plaintiff seeks "replacement of the subject vehicle, or restitution of the amount actually paid or payable under the purchase contract," civil

penalties of up to two times his actual damages, and attorneys' fees. (Resp. ¶¶ 11–12, 14; Compl., Prayer for Relief.)

Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 3AVCV00912. (Compl.) Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II.   LEGAL STANDARDS

### A.   Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.   Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

///

## III. DISCUSSION

The amount in controversy is not clear from the face of the Complaint. Defendant acknowledges that Plaintiff did not plead any specific amount in controversy. (Resp. ¶ 8.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This so-called "milage offset" is based on miles driven before the first attempted repair of the defect. *Id.* Defendant is unable to ascertain the current mileage of the vehicle, (Resp. ¶ 8 n.1), so any actual damages asserted by Defendant are inherently speculative. Additionally, contrary to Defendant's inclusion of finance charges in its calculations, (Resp. ¶ 11), actual damages do no include finance charges that have yet to be paid. *See Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 U.S. Dist. LEXIS 76768, at *9 (N.D. Cal. Apr. 27, 2022) (citing *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–39 (2000)) (recognizing "the actual price paid or payable by the buyer includes only paid finance charges," not finance charges that have yet to accrue). At most, Defendant has shown that that actual damages *could* be as much as the $41,601 total cash price for the Vehicle, minus an unknown deduction for the mileage offset. (*See* Resp. ¶ 11; Strotz Decl. Ex. A, ECF No. 13-4.) As a result, Defendant has not shown the quantum of actual damages beyond speculation.

### B. Civil Penalties

Plaintiff may be entitled to a civil penalty no greater than twice the amount of

actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should consider the maximum civil penalty when evaluating the amount in controversy because Plaintiff pleads entitlement to the maximum penalty. (Resp. ¶ 12 ("Plaintiff claims entitlement to a civil penalty of 'two times' his actual damages," and "[t]wice the cash price of the subject vehicle would total $83,202.00.") As an initial matter, this calculation is based on an assumption of the value of actual without factoring in any mileage offset. Even if the Court were to accept Defendant's proffered calculation, acknowledging a split in authority, the Court respectfully declines to follow the line of cases Defendant cites for the proposition that the maximum civil penalty factors into the amount in controversy without some indicia of willfulness. *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *6–8 (collecting cases on either side of the split, and reasoning that if "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court"). Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g., id.* at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered

any evidence to support such an award."). Defendant has not established that the requested civil penalty is more likely than not in controversy.

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant claims that it is "common for plaintiffs' counsel to claim hourly rates of $350 to $500 per hour and seek attorneys' fees exceeding $50,000." (Resp. ¶ 15.) Even if fees recovered or sought in other SBA cases present competent evidence of the fees that *could* accrue here, they do not provide probative evidence of the hours that *might reasonably be expended in this case. Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred"). Specifically, Defendant "provides no explanation for why this case is similar to ones that went to trial" or that the cases are likely to involve similar procedural challenges. *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). The Court also notes that virtually every SBA case assigned to this judicial officer except one has settled before trial.

///

///

## IV. CONCLUSION

The amount in controversy is not clear from the face of the Complaint. Defendant has not made a sufficient showing to demonstrate that actual damages, civil penalties or attorneys' fees are more likely than not to be awarded at a quantum that would satisfy the amount-in-controversy threshold. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case, and remand is therefore appropriate. 28 U.S.C. § 1447(c).

The Court remands the case to Los Angeles County Superior Court, No. 23AVCV00912. The pending motions are denied as moot. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: September 25, 2023

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE